IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| TERRI COLLIER, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil No. 3:13cv242 (REP) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

Terri Collier ("Plaintiff") began receiving benefits in 1977, and she continued to receive benefits as an adult. On September 24, 2007, the Administration notified Plaintiff that because she had married, she was no longer eligible for benefits and that she had been overpaid since her marriage. Plaintiff filed a request for waiver of the overpayment amount. The Agency denied her request. Plaintiff subsequently appealed to an administrative law judge ("ALJ"), who determined that Plaintiff was not at fault in causing or accepting the overpayment and waived a portion of the overpayment, but determined that repayment of the remainder would not defeat the purpose of Title II of the Social Security Act ("Act"). The Appeals Council vacated and remanded the ALJ's decision, because the record was incomplete. On remand, a different ALJ determined that Plaintiff was not at fault for the overpayment and that recovery of the overpayment would not defeat the purpose of Title II. On February 23, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff now appeals the ALJ's decision in this Court pursuant to 42 U.S.C. § 405(g), arguing that she is entitled to a full waiver of the overpayment. This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Summary Judgment (ECF No. 8) and Defendant's Motion to Remand and Memorandum in Support (ECF No. 10). Having reviewed the parties' submissions, the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 8) be DENIED; that Defendant's Motion to Remand (ECF No. 10) be GRANTED; that the final decision of the Commissioner be VACATED; and that the case be REMANDED to the Agency for further review.

## I. BACKGROUND

Plaintiff began receiving benefits in 1977 and continued to receive benefits as a disabled adult child. (R. at 20-25, 30, 47, 50.) In 2002, Plaintiff married and changed her name with the Agency. (R. at 22, 47, 50.) Although Plaintiff's marriage terminated her eligibility for benefits, the Agency did not take action to terminate her benefits. (R. at 42.).

In February 2003, the Agency reviewed Plaintiff's eligibility for benefits on medical grounds. (R. at 30, 50.) Plaintiff appeared under her married name and she reported to the ALJ that she had married. (R. at 30, 50, 72, 316-17.) In both March 2003 and June 2005, the Agency reviewed Plaintiff's eligibility on the grounds that Plaintiff was working. (R. at 46-48.)

In September 2007, the Agency notified Plaintiff that she was no longer eligible for benefits, because she had married. (R. at 26-28.) Further, the Agency had overpaid her since she had married. (R. at 50.)

## II. PROCEDURAL HISTORY

On October 5, 2007, Plaintiff filed a request for waiver of the overpayment amount. (R. at 29.) The Agency denied her request. (R. at 44.) Plaintiff appealed the decision to the next level of review. (R. at 48.) The Agency determined that Plaintiff was without fault, but that recovery would not defeat the purposes of Title II and that recovery would not be against equity and good conscience. (R. at 47-51.)

Plaintiff appealed to an ALJ. (R. at 52-53.) On March 12, 2009, an ALJ held a hearing. (R. at 249.) On May 20, 2009, the ALJ issued a decision finding that Plaintiff was not at fault in causing the overpayment and that recovery of $18,605.61 would not defeat the purpose of Title II, but that $30,933.39 would be waived. (R. at 236-40.) On June 28, 2011, the Appeals Council vacated the ALJ's decision, because the Agency could not locate the recording of the hearing. (R. at 249.)

A different ALJ held a second hearing on September 19, 2011. (R. at 289-310.) On November 15, 2011, the ALJ determined that Plaintiff was not at fault for overpayment. (R. at 14.) Unlike the first ALJ, however, the second ALJ determined that recovery of the full amount of overpayment would not defeat the purpose of Title II. (R. at 14-15.) The ALJ recommended a payment plan that included a monthly payment of not more than $50. (R. at 15.) The Appeals Council denied Plaintiff's request for review on February 23, 2013. (R. at 4-7.)

## III. QUESTION PRESENTED

Does substantial evidence support the ALJ's determination that recovery of the full amount of overpayment would not defeat the purposes of Title II?

## IV. STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Court is limited to determining whether substantial evidence in the record supports the Commissioner's decision and whether the ALJ

3

applied the proper legal standards in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). Substantial evidence is more than a scintilla, is less than a preponderance and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. *Id.*; *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

To determine whether substantial evidence exists, the Court must examine the record as a whole, but it may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (citation and internal quotation marks omitted); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "take into account whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)) (internal quotation marks omitted). The Commissioner's findings as to any fact, if substantial evidence supports the findings, are conclusive and must be affirmed. *Hancock*, 667 F.3d at 476 (citation omitted). While the standard is high, if substantial evidence on the record does not support the ALJ's determination or if the ALJ has made an error of law, the district court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Act requires the Commissioner to recover payments in excess of the correct amount of Title II benefits. 42 U.S.C. § 404(a)(1)(A); 20 C.F.R. § 404.501(a). The Act further provides that no recovery will be made from a person who is without fault if either (1) recovery would defeat the purpose of Title II, or (2) recovery would be against equity and good conscience. 42

U.S.C. § 404(b). The recipient of overpayment bears the burden of showing that the recovery of overpayment should not occur. *Kendrick v. Califano*, 460 F. Supp. 570 (E.D. Va. 1978) (citing *Sierakowski v. Weinberger*, 504 F.32d 831, 836 (6th Cir. 1974)). If recovery would defeat the purpose of Title II or be against equity and good conscience, recovery of overpayment is waived.

Regulations define "defeat the purpose of Title II" to mean "to deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). Further, the regulations provide that the determination depends on "whether the person has an income or financial resources sufficient for more than ordinary and necessary needs." *Id.* § 404.508(a). Specifically, "recovery will defeat the purpose . . . where the person from whom recovery is sought needs substantially all of h[er] current income . . . to meet current ordinary and necessary living expenses." *Id.* § 404.508(b). Ordinary and necessary living expenses include fixed living expenses such as food and clothing, rent, utilities, maintenance, insurance, taxes, installment payments, medical expenses and other expenses that are reasonably considered part of the individual's standard of living. *Id.* The Agency's Program Operations Manual System (POMS) directs the Agency to use an individual's net, take-home pay when determining whether the Agency should waive an overpayment debt. (POMS GN § 02250.230, Form SSA-632-BK.)

V.    ANALYSIS

A. The ALJ's Decision

The ALJ first determined that Plaintiff was not at fault in causing the overpayment. (R. at 14.) The ALJ then determined that recovery of the overpayment would not defeat the purpose of Title II. (R. at 14-15.)

In determining that recovery would not defeat the purposes of Title II, the ALJ noted that Plaintiff received $866 in gross monthly earnings and Plaintiff's husband received $2,079 in

gross monthly earnings. (R. at 14.) This resulted in a total household gross monthly income of $2,945 each month. (R. at 14.) Further, the ALJ noted that Plaintiff's household monthly expenses totaled $2,454. (R. at 15.) The ALJ gave great weight to Plaintiff's Request for Waiver of Overpayment Recovery or Change in Repayment Rates ("Request Form"). (R. at 15.) The ALJ then determined that a repayment limited to no more than $50 per month would not defeat the purposes of Title II, because the recovery "would not deprive the claimant of income to meet ordinary and necessary living expenses." (R. at 15.)

Plaintiff asks this Court to reverse the ALJ's decision and enter judgment in her favor. (Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") (ECF No. 9) at 1.) In the alternative, Plaintiff asks this Court to remand the claim to the Commissioner for a proper determination of waiver and overpayment. (Pl.'s Mem. at 1.) Defendant argues that remand is proper, because additional evaluation of Plaintiff's claim is warranted to clarify whether the ALJ used gross pay or net, take-home pay when assessing whether repayment would defeat the purpose of Title II. (Def.'s Mot. to Remand and Mem. in Supp. ("Def.'s Mem.") (ECF No. 10) at 1; Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Remand ("Def.'s Reply") (ECF No. 12) at 2-3.) Because the Court agrees that clarification is necessary, the Court recommends that the ALJ's decision be vacated and the case be remanded for further proceedings.

B. Substantial evidence does not support the ALJ's determination.

When assessing whether repayment would defeat the purposes of Title II, the regulations provide that the assessment depends upon "whether the person has an income or financial resources sufficient for more than ordinary and necessary needs." 20 C.F.R. § 404.508(a). Recovery defeats the purpose if the individual needs substantially all income "to meet current ordinary and necessary living expenses. *Id.* § 404.508(b). The regulations further go on to note

that certain expenses such as food, rent, utilities and taxes should be considered. *Id.* The Agency's POMS directs the Agency to use an individual's net, take-home pay when determining whether to waive an overpayment debt. (POMS § GN 02250.230, Form SSA-632-BK.)

In this case, the ALJ determined that repayment would not defeat the purposes of Title II. The ALJ gave great weight to Plaintiff's testimony and figures provided for calculating monthly expenses in the request form. (R. at 15.) Although the Request Form asks for gross pay in certain instances, the Request Form uses net, take-home pay when determining whether income exceeds expenses. (R. at 273, 275.) Specifically, the Request Form asks that the claimant explain if her expenses are more than her net, take-home pay. (R. at 275.) The ALJ then concluded that limiting recovery to no more than $50 per month would not defeat the purpose of Title II. (R. at 15.) However, because the Request Form uses net income to evaluate overpayment and the ALJ discussed gross income while giving great weight to the Request Form, substantial evidence does not support the ALJ's determination that recovery of the overpayment would not deprive the claimant of income to meet ordinary and necessary living expenses.

While Plaintiff argues that this Court should make that determination based upon the Request Form, such is not the proper remedy. The ALJ failed to fully explain why he relied on the Request Form that compares Plaintiff's *net* income to expenses, but, in his decision, used Plaintiff's reported *gross* income for purposes of comparison. As such, the proper course of action is for this Court to vacate and to remand the case for further investigation and explanation, rather than determining that overpayment would defeat the purposes of Title II. *See Radford v. Colvin*, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong

remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify [his determination].").

VI. CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 8) be DENIED; that Defendant's Motion to Remand (ECF No. 10) be GRANTED; that the final decision of the Commissioner be VACATED; and that the case be REMANDED to the Agency.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne, and to all counsel accordingly.

NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: January 7, 2014